**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1192

JANE ANN RUSSELL,

Plaintiff, Appellant,

v.

JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Raymond J. Kelly on brief for appellant.
Thomas P. Colantuono, United States Attorney, David L. Broderick, Assistant U.S. Attorney, and Lisa G. Smoller, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

October 7, 2004

**Per Curiam**.  Claimant Jane Russell has appealed a district court judgment affirming the decision of the Commissioner of Health and Human Services which denied Russell's application for supplemental security income payments.  We affirm.

Russell first claims that the Administrative Law Judge ("ALJ") failed to properly assess her credibility and lacked an adequate foundation for finding her subjective complaints of pain "not entirely credible."  One of the reasons the ALJ partially discounted Russell's testimony was because "she failed to follow prescribed treatment on a regular basis."  We have examined the record and find substantial evidence to support the ALJ's finding of "sporadic adherence to prescribed therapy."  A claimant's failure to follow prescribed medical treatment contradicts subjective complaints of disabling conditions and supports an ALJ's decision to deny benefits.  See Tsarelka v. Secretary of Health & Human Servs., 842 F.2d 529, 534 (1st Cir. 1988) (per curiam) (affirming denial of benefits where claimant did not follow through with securing medical treatment); Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983) (affirming denial of benefits where claimant failed to heed doctor's diet recommendation which would have helped hypertension and headaches).

Russell next claims that the ALJ erred in determining that she had the residual functional capacity to perform light work.  The ALJ's residual functional capacity determination has

substantial support in the record.  We have considered Russell's various arguments and find them without merit.

Finally, Russell claims that the ALJ erred in using the Medical-Vocational Guidelines to determine the range of work that she could perform because her migraine headaches cause non-exertional limitations that called for testimony from a vocational expert.  There is substantial support for the ALJ's finding that Russell's migraines had no non-exertional impact on her residual functional capacity.  Accordingly, the ALJ did not err in applying the Guidelines.  Cf. Ortiz v. Secretary of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) (per curiam) (noting that Guidelines are not applicable where claimant has significant non-exertional impairments).

The judgment of the district court is affirmed.  See 1st Cir. R. 27(c).